# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHNNIE B. DENNIS,**

      **Plaintiff,**

**v.**             Case No:   6:17-cv-1971-Orl-37GJK

**BREVARD COUNTY and
COMMISSIONERS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 9)**
>
> **FILED:**       **January 22, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

### I.  FACTUAL BACKGROUND

On November 16, 2017, Plaintiff, proceeding *pro se*, filed a complaint naming Curt Smith as the Defendant. Doc. No. 1. On the same day, Plaintiff filed a motion for leave to proceed *in forma pauperis*. Doc. No. 2. On January 12, 2018, the Court denied Plaintiff's motion to proceed *in forma pauperis* due to insufficient information regarding his assets, investments, or obligations. Doc. No. 7 at 2. On January 22, 2018, Plaintiff filed a renewed motion to proceed *in forma pauperis* (the "IFP Motion") containing additional financial information. Doc. No. 9.

On February 23, 2018, Plaintiff filed the operative complaint (the "Complaint") naming Brevard County and its commissioners as Defendants. Doc. No. 13. Construing the facts of the Complaint liberally, the following facts are taken from the same. Defendant Brevard County is the owner of a gun range that is located in a residential area that is predominantly African-American. *Id.* at 1. Local and political organizations have requested that the County Commissioner take action to reduce the noise made by the gun range. *Id.* The County Commissioner, however, has ignored these requests, and no action has been taken despite a Florida law prohibiting backyard gun ranges in residential areas. *Id.*

The Complaint alleges two claims under the United States Constitution. First, Plaintiff alleges that Defendants' failure to take any action on the gun range amounts to cruel and unusual punishment under the Eighth Amendment. Doc. No. 13 at 1. Second, Plaintiff alleges that Defendants' failure to take action on the gun range violated his Fourteenth Amendment right to the quiet enjoyment of property. *Id.* at 2. Plaintiff seeks an injunction to stop the noise coming from the gun range. *Id.*

## II.   STANDARD OF REVIEW

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court evaluates the plaintiff's financial status and determines whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. §1915(a)(1). Second, the Court must review the complaint and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i-iii). The Court must also dismiss the complaint if it determines that it has no subject matter jurisdiction over the claims asserted. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500,

502, 126 S.Ct. 1235, 1237, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."). When the Court reviews the complaint, it must be liberally construed, but the Court has no obligation to rewrite a complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief can be granted. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III. ANALYSIS

#### A. Eighth Amendment

Plaintiff alleges that Defendants' actions amounted to cruel and unusual punishment. Doc. No. 13 at 1. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eleventh Circuit, however, has held that the Eighth Amendment "applies only to punishments inflicted after conviction for crimes …" *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1289, 1295 (11th Cir. 2005). *See also D'Aguanno v. Gallagher*, 50 F. 3d 877, 879 n. 2 (11th Cir. 1995) ("The cruel and unusual punishment clause only protects people who have been convicted of a crime."). Here, Plaintiff has not alleged that he was convicted of a crime or that Defendants' alleged behavior was punishment for any crime. Doc. No. 13 at 1-2. Accordingly, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment.

#### B. Fourteenth Amendment

Plaintiff also alleges that Defendants' actions violated his Fourteenth Amendment right to the quiet enjoyment of property. Doc. No. 13 at 2. The Fourteenth Amendment protects against deprivation by state action of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). The

Fourteenth Amendment's Due Process Clause provides two different kinds of constitutional protection: substantive due process and procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). Plaintiff does not state whether Defendants' alleged actions were a substantive due process violation or a procedural due process violation, and thus, the Court will address both in turn.

### 1) Substantive Due Process

Substantive due process "protects those rights that are 'fundamental' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney*, 20 F.3d at 1556 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)). Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992) (citing *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)) (internal quotations omitted).

The Supreme Court has cautioned against expanding substantive due process to rights not recognized as fundamental under the United States Constitution. See *Collins,* 503 U.S. at 125 ("[T]he Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible [decision-making] in this unchartered area are scarce and open-ended."). Furthermore, other courts have dismissed arguments similar to those raised by Plaintiff. The cases *Busse v. Lee Cnty., Fla.*, 317 F. App'x. 968 (11th Cir. 2009) and *Ooley v. Citrus Heights Police Dep't*, No. 2:12–cv–00095–JAM–CKD, 2012 WL 1910264 (E.D. Cal. May 25, 2012) are instructive.[1]

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

In *Busse*, the Lee County Board of Commissioners adopted a resolution designating certain areas and the accretions thereto as public lands. *Busse*, 317 F. App'x. at 970. The plaintiff alleged that he owned land in those designated areas and alleged that the county commissioners' resolution violated his substantive due process rights. *Id.* at 970, 973. The Eleventh Circuit, however, held that the district court properly dismissed the plaintiff's claim:

> [The plaintiff] also appears to allege that the [county resolution] denied him his substantive due process property rights. Substantive due process protects only those rights that are "fundamental," a description that applies only to those rights created by the United States Constitution. Property rights would not be fundamental rights since they are based on state law. [The plaintiff] thus could not bring a viable substantive due process claim based on the alleged denial of a state-defined property right.

*Id.* (citations omitted). Thus, the Eleventh Circuit held that state-defined property rights are not fundamental rights under the United States Constitution. *Id. See also Greenbriar Village, L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) ("Property interests … are not created by the Constitution. [T]hey are created … from an independent source such as state law.").

In *Ooley*, the plaintiff alleged that the defendants violated her substantive due process rights by interfering with the quiet enjoyment of her property. *Ooley*, 2012 WL 1910264 at *3-4. The *Ooley* court noted the Supreme Court's reluctance in expanding substantive due process. *Id.* The Court then granted the defendant's motion to dismiss because: 1) the plaintiff only cited state constitutional authority in support of her argument that a right to quiet enjoyment of property is cognizable; and 2) the Court found no authority supporting the extension of substantive due process to a right of quiet enjoyment of property under the United States Constitution. *Id.* at *4.

Here, Plaintiff alleges that the Defendants' actions have interfered with his quiet enjoyment of property. Such a right is a state-defined property right, which the Eleventh Circuit held is not a fundamental right under the United States Constitution. *See Greenbriar Village, L.L.C.*, 345 F.3d

at 1262. Furthermore, like the court in *Ooley*, the undersigned has found no authority standing for the proposition that a right to quiet enjoyment of property is a fundamental right under the United States Constitution. Thus, considering: 1) the Eleventh Circuit's holding that state-defined property rights are not fundamental rights under the United States Constitution; 2) the absence of any authority standing for the proposition that a person's quiet enjoyment of property is a fundamental right; and 3) the Supreme Court's reluctance to expand the concept of substantive due process to rights not recognized as fundamental, the undersigned finds that Plaintiff's substantive due process claim should be dismissed.

### 2) Procedural Due Process

A plaintiff alleging a denial of procedural due process must prove three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). To the extent that Plaintiff alleges that Defendants' actions violated Plaintiff's procedural due process, such argument fails for two reasons. First, Plaintiff alleges that the quiet enjoyment of his property is a constitutionally-protected interest. Doc. No. 13 at 2. As noted above, however, the Eleventh Circuit has held that state-defined property rights are not fundamental rights under the Constitution, and the undersigned has found no authority stating the contrary. *See supra* pp. 4-6.

Second, assuming that there is a fundamental constitutional right to the quiet enjoyment of property, Plaintiff has not sufficiently alleged constitutionally inadequate process. The Eleventh Circuit has held that a procedural due process claim arises from the "the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). The Eleventh Circuit also stated that "the state must have the opportunity to 'remedy the procedural failings of its subdivisions and

agencies in the appropriate fora—agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." *Id.* (quoting *McKinney*, 20 F.3d at 1560). Thus, "procedural due process violations do not even exist unless no adequate state remedies are available." *Id.* at n. 2. "In other words, the unavailability of adequate remedies is an element of a procedural due process claim …" *Flagship Lake Cnty. Dev. No. 5, LLC v. City of Mascotte, Fla.*, 559 F. App'x 811, 815 (11th Cir. 2014).

In *Flagship*, a city council denied the plaintiff's application for a rezoning ordinance. *Flagship*, 559 F. App'x at 812. The plaintiff filed a lawsuit alleging a violation of procedural due process because the city council demonstrated clear bias during hearings on the ordinance, relied on ex parte communications, and made findings not supported by the evidence presented to it. *Id.* at 813. The Eleventh Circuit, however, affirmed the district court's dismissal of the plaintiff's substantive due process claim because it did not allege that adequate state remedies were unavailable to remedy the alleged due process violations:

> As the district court observed, [the plaintiff] has not alleged that adequate state remedies were unavailable to remedy any alleged deprivations of procedural due process. [The plaintiff] could have availed itself of the remedies provided in the Florida Administrative Procedure Act, Fla. Stat. § 120.68, but did not. This is fatal to [the plaintiff's] procedural due process claim…

*Id.* at 814. Here, Plaintiff has not alleged that there were no adequate state remedies or procedures, such as agencies, review boards, or state courts, to review Defendants' alleged actions. Doc. No. 13. As noted above, a lack of adequate state remedies or procedures is an element to a procedural due process claim. *See Flagship*, 559 F. App'x at 815. Thus, to the extent that Plaintiff claims a procedural due process violation, the undersigned finds that such claim should be dismissed.

### C. Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend his or her complaint if a district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

It is well-settled that "zoning decisions, as a general rule, will not usually be found by a federal court to implicate constitutional guarantees[,] and [the court has a] disinclination to sit as a zoning board of review." *Greenbriar Village, L.L.C.*, 345 F.3d at 1262 (citing *Spence v. Zimmerman*, 873 F.2d 256, 262 (11th Cir. 1989)). Given that the gravamen of Plaintiff's case is an alleged violation of a state law right to quiet enjoyment of his property, the Court is skeptical about his ability to assert a claim over which this Court would have jurisdiction. Nevertheless, given binding precedent favoring the granting of leave to amend, in an abundance of caution, the undersigned finds that leave should be given to file an amended complaint.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

1) The IFP Motion (Doc. No. 9) be **DENIED**; and

2) The Complaint (Doc. No. 13) be **DISMISSED** without prejudice; and

3) Plaintiff be granted leave to do the following no later than twenty-one (21) days after the date the Court enters an order on this report and recommendation:

    a. File an amended complaint; and

    b. File a renewed application to proceed *in forma pauperis* or pay the filing fee in full.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 23, 2018.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy